```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION


PATRICIA A. SMITH                                      PLAINTIFF


VS.                          CIVIL ACTION NO. 3:09-cv-102-WHB-LRA


ROGEN CHHABRA AND
TABOR, CHHABRA & GIBBS, P.A.                          DEFENDANTS
```

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendants to Dismiss, which is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Having reviewed the Motion, Response,[1] Rebuttal, Plaintiff's other pleadings, and supporting and opposing authorities, the Court finds the Motion is well taken and should be granted.

### I. Factual Background and Procedural History

On February 18, 2009, Plaintiff, Patricia A. Smith ("Smith"), who is proceeding in this lawsuit *pro se*,[2] filed a Complaint in

---

[1] By an Order entered June 5, 2009, United States Magistrate Judge Linda R. Anderson granted Plaintiff until June 22, 2009, to respond to Defendants' Motion to Dismiss. On July 2, 2009, Judge Anderson granted Smith's Motion for an extension of time in which to file her Response. Smith's Response to the Motion to Dismiss was filed on June 30, 2009.

[2] As Smith is proceeding *pro se*, her pleadings have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

this Court against Defendants Rogen Chhabra ("Chhabra") and the law firm of Tabor, Chhabra & Gibbs, P.A. (collectively, "Defendants"). According to the Complaint, Smith had hired Defendants to litigate her workers' compensation case. Smith claims that Chhabra settled her workers' compensation case without her consent, forged her signature on the settlement check(s), and deposited the settlement money into his personal account. Based on these allegations, Smith alleged claims of negligence, legal malpractice, and fraud.

On March 10, 2009, United States Magistrate Judge Linda R. Anderson found that Smith's Complaint failed to demonstrate the existence of either diversity or federal question subject matter jurisdiction. Judge Anderson also found, however, that there existed the possibility that the jurisdictional defect could be remedied by amending the Complaint. See Order to Show Cause [Docket No. 4], at 3. Based on that finding, Judge Anderson granted Smith additional time in which to file an amended complaint setting "forth sufficient allegations of subject matter jurisdiction." Id. at 4.

On or about March 19, 2009, Smith timely filed an Amended Complaint. In the Amended Complaint, Smith again alleges claims of negligence arising from the manner in which Defendants/Chhabra handled her workers' compensation claim, as well as claims of fraud/forgery, theft, and false representation. Smith also claims that Defendants did not follow "the procedures in civil action [and] federal rules of civil procedure." Amended Compl. at 1.

2

Under the heading "Jurisdiction", Smith alleges:

> The federal court govern criminal and civil proceedings under sections 2254 and 2255 of Title 28 U.S. Code amendments have taken effect on August 1, 1982. Rule 9(b). Rogen Chhabra should be held in criminal contempt for received funds in my name and deposited my money in his account for his own personal use. That's a very deceptive violation of a court's order of April 10, 2008. I hired Rogen to represented me in my workers' com. claim. I did not know he would be stealing my money by misconduct of his requirement in representing me in my claim. Incompatible with requirements of due process of the law. I am a U.S. citizen and I have rights to justice that develop thru my attorneys misrepresenting me. My funds were split three ways between them. My checks are not supposed to be cut at the attorney office, but already from the insurance office.
>
> Patricia A. Smith is an adult resident citizen of county of Hinds, State Mississippi. The defendant Rogen Chhabra is an adult resident of county of Hinds State of Mississippi...

See Id. at 2-3. After reviewing the Amended Complaint, Judge Anderson found that "although this Court's subject matter jurisdiction is questionable, process should issue at this time." See Order [Docket No. 8]. Thereafter, Judge Anderson granted Smith leave to proceed *in forma pauperis*, and ordered the United States Marshall to serve process on Defendants. Id.

Defendants have now moved for dismissal of Smith's Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I. Discussion

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of

3

Civil Procedure, dismissal is proper when it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. Saraw Partnership v. United States, 67 F.3d 567, 569 (5th Cir. 1995) (quoting Hobbs v. Hawkins, 968 F.2d 471, 475 (5th Cir. 1992)). A court may base its decision on a motion to dismiss for lack of subject matter jurisdiction on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Ynclan v. Department of the Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). The party asserting federal subject matter jurisdiction has the burden of proof on a Rule 12(b)(1) motion to dismiss. Ramming v. United States, 281 F.3d 158, 160 (5th Cir. 1996).

It has long been held that "federal courts are courts of limited jurisdiction; the exercise of federal jurisdiction is proper only when prescribed by Congress." Marshall v. Gibson's Prods, Inc. of Plano, 584 F.2d 668, 672 (5th Cir. 1978) (citing Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376 (1940)). In support of their Motion to Dismiss, Defendants argue that the Court cannot exercise federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332 because all of the parties are citizens of Mississippi.

4

Over two centuries ago, the United States Supreme Court established the rule of complete diversity for cases arising under 28 U.S.C. § 1332.  See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." See McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)).  In this case, Smith alleges that both she and Defendants are citizens of the State of Mississippi.  Defendants do not refute this assertion.  As Smith and Defendants are all citizens of Mississippi, the Court cannot exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

Next, the Court considers whether it can exercise federal question jurisdiction under 28 U.S.C. § 1331.[3]  "In federal question cases under § 1331, 'where the complaint ... is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions ... must entertain the suit.'"  Southpark Square Ltd. v. City of Jackson, Miss., 565 F.2d 338, 341 (5th Cir. 1977) (quoting Bell v.

---

[3] Although the complaint failed to cite 28 U.S.C. § 1331 as the statute conferring jurisdiction on this Court, such omission does not defeat jurisdiction where the facts alleged in the complaint satisfy the jurisdictional requirements of the statute. See Schlesinger v. Councilman, 420 U.S. 738, 744 n.9 (1975).

5

Hood, 327 U.S. 678, 681-82 (1946)). The "two exceptions" to the general rule are cases in which the federal question "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous". Id. (quoting Bell, 327 U.S. at 681-82).

In her Amended Complaint, Smith alleges that Chhabra's conduct was "[i]ncompatible with requirements of due process of the law." See Amended Compl. at 2-3. Although the Amended Complaint does not specify whether Chhabra's conduct allegedly violated Smith's due process rights under the Fifth or Fourteenth Amendment to the United States Constitution, the Court finds that either claim, if alleged, would be "wholly insubstantial and frivolous." Specifically, to the extent Smith alleges a violation of her Fifth Amendment right to due process, Smith's claim is frivolous because the "Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000). Similarly, "[i]n order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action." Landry v. A-Able Bonding, Inc., 75 F.3d 200, 203 (5th Cir. 1996). In the present case, because Smith has not alleged that Defendants were acting under the authority of the federal government or the State of Mississippi, the Court finds that her

6

due process allegations are frivolous and, therefore, do not create a federal question over which the Court is obligated to exercise subject matter jurisdiction.

Next, Smith alleges that federal courts govern criminal and civil proceedings under 28 U.S.C. §§ 2254 and 2255. Although the Court has jurisdiction to hear claims arising under 28 U.S.C. §§ 2254 and 2255, these statutes are to be used by persons who are in state or federal custody. As Smith does not allege that she is presently in custody, the Court finds that allegations regarding 28 U.S.C. §§ 2254 and 2255 are frivolous and, therefore, do not create a federal question over which the Court is obligated to exercise subject matter jurisdiction.

Finally, in her Amended Complaint, Smith alleges that Defendants violated one or more rules of the Federal Rules of Civil Procedure. On this issue, however, the United States Court of Appeals for the Fifth Circuit has held that the Federal Rules of Civil Procedure are not "laws" within the meaning of 28 U.S.C. § 1331, but instead regulate the parties' proceedings once the case is "in federal court pursuant to another, independent jurisdictional grant. The rules, then, only implement the exercise of jurisdiction otherwise conferred by Congress and do not provide an independent basis for parties without any other jurisdictional grant to get into federal court in the first place." Port Drum Co. v. Umphrey, 852 F.2d 148, 149–50 (5th Cir. 1988)(citing Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444–46 (1946)).

7

After reviewing Smith's Amended Complaint, the Court finds it lacks federal subject matter jurisdiction over this case. Accordingly, the Court will grant the Motion of Defendants to Dismiss, and will dismiss this case without prejudice. See Verret v. Elliot Equip. Corp., 734 F.2d 235, 238 (5th Cir. 1984).[4]

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants to Dismiss [Docket No. 14] is hereby granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment [Docket No. 15] is hereby denied.

An Order of Dismissal, dismissing this case without prejudice for lack of subject matter jurisdiction shall be entered this day.

SO ORDERED this the 7th day of July, 2009.

                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE

---

[4] The Court offers no opinion regarding whether Smith might be entitled to recover damages on the claims she has alleged against Defendants in the event she re-files her claims in state court.